RENDERED: AUGUST 7, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0371-MR

CAMERON OSBORNE                                         APPELLANT

v.              APPEAL FROM FRANKLIN CIRCUIT COURT
             HONORABLE PHILLIP J. SHEPHERD, JUDGE
             ACTION NO. 24-CI-01047

COOKIE CREWS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS; AMY ROBEY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS WARDEN
OF THE LUTHER LUCKETT
CORRECTIONAL COMPLEX;
STORMEY PRIESKOP, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS OFFENDER INFORMATION
SPECIALIST II; AND HEATHER
MCMANIS, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS
OFFENDER INFORMATION
SPECIALIST I                                         APPELLEES

AND

NO. 2025-CA-0372-MR


EDWARD HALE, JR.                                                    APPELLANT


                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE PHILLIP J. SHEPHERD, JUDGE
                        ACTION NO. 24-CI-01012


COOKIE CREWS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS; AMY ROBEY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS WARDEN
OF THE LUTHER LUCKETT
CORRECTIONAL COMPLEX;
HEATHER MCMANIS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS
OFFENDER INFORMATION
SPECIALIST I; AND ALLASANDRA
CUNNINGHAM, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS OFFENDER INFORMATION
SUPERVISOR                                                          APPELLEES

        AND


                        NO. 2025-CA-0373-MR


ROBERT D. SMITH                                                    APPELLANT

v.       HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 24-CI-01011


COOKIE CREWS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS; AMY ROBEY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS WARDEN
OF THE LUTHER LUCKETT
CORRECTIONAL COMPLEX;
HEATHER MCMANIS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS
OFFENDER INFORMATION
SPECIALIST I; AND LORETTA
B. NEW, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY
AS OFFENDER INFORMATION
SPECIALIST II                        APPELLEES

AND

NO. 2025-CA-0393-MR


THOMAS DAVIDSON                        APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.       HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 24-CI-01053

COOKIE CREWS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS; AMY ROBEY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS WARDEN
OF THE LUTHER LUCKETT
CORRECTIONAL COMPLEX;
HEATHER MCMANIS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS
OFFENDER INFORMATION
SPECIALIST I; AND MICHAEL
R. AMMONS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
AS OFFENDER INFORMATION
SPECIALIST II                                                                          APPELLEES


AND


NO. 2025-CA-0435-MR


KEVIN BOYD                                                                          APPELLANT



                           APPEAL FROM FRANKLIN CIRCUIT COURT
v.                    HONORABLE PHILLIP J. SHEPHERD, JUDGE
                                    ACTION NO. 24-CI-01073



COOKIE CREWS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS; AMY ROBEY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS WARDEN

-4-

OF THE LUTHER LUCKETT
CORRECTIONAL COMPLEX;
HEATHER MCMANIS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS
OFFENDER INFORMATION
SPECIALIST I; AND WINFREY
MOORE, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS OFFENDER
INFORMATION SPECIALIST                                    APPELLEES

AND

NO. 2025-CA-0436-MR

CARLOS BROOKS                                            APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 24-CI-01036

COOKIE CREWS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS; AMY ROBEY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS WARDEN
OF THE LUTHER LUCKETT
CORRECTIONAL COMPLEX;
HEATHER MCMANIS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS
OFFENDER INFORMATION
SPECIALIST I; AND LORETTA
B. NEW, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY

-5-

AS OFFENDER INFORMATION
SPECIALIST II                                                    APPELLEES

AND

NO. 2025-CA-0714-MR

AARON JACKSON                                                  APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.        HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 24-CI-01018

COOKIE CREWS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS; AMY ROBEY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS WARDEN
OF THE LUTHER LUCKETT
CORRECTIONAL COMPLEX;
HEATHER MCMANIS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS
OFFENDER INFORMATION
SPECIALIST I; AND JULIA
WOLLUMS, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS
OFFENDER INFORMATION
SPECIALIST I                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, A. JONES, AND L. JONES, JUDGES.

JONES, L., JUDGE:  The above-captioned Appellants seek to overturn a February 12, 2025 order of the Franklin Circuit Court that collectively dismissed their consolidated declaratory actions pursuant to CR[1] 12.02(f).  Upon review, we affirm.

**BACKGROUND**

Appellants are all inmates at the Luther Luckett Correctional Complex, each serving sentences for first-degree robbery.  *See* KRS[2] 515.020.  All Appellants committed their crimes and were convicted well *after* July 15, 2002.  All Appellants initiated administrative actions with their correctional complex and the Kentucky Department of Corrections, asserting that a July 15, 2024 amendment to KRS 439.3401 "retroactively" converted their first-degree robbery convictions into *non*violent offender convictions; and, as a consequence, they were now all eligible for additional credit on their sentences beyond what KRS 197.045(1)(a)1. provided, making Appellants eligible for probation without having to serve 85% of their sentences.

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

-7-

Appellants' administrative actions were unsuccessful. Appellants then sought declaratory relief from the Franklin Circuit Court. Their declaratory actions were then consolidated, considering their identical claims. Following a CR 12.02(f) motion from Appellees (hereinafter referred to collectively as the Department of Corrections), all of the Appellants' actions were dismissed by the circuit court. These consolidated appeals followed. We will discuss the finer points of Appellants' claims, the Department of Corrections' motion to dismiss their claims, and the circuit court's dispositive order in our analysis below.

**STANDARD OF REVIEW**

When ruling upon a CR 12.02(f) motion to dismiss for failure to state a claim, "the circuit court is not required to make any factual determination; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). A CR 12.02(f) motion is properly granted if, and only if, accepting all of plaintiff's allegations as true and drawing all reasonable inferences in plaintiff's favor, the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim. *See Shaw v. Handy*, 588 S.W.3d 459, 461 (Ky. App. 2019). Our standard for reviewing the propriety of a circuit court's decision to grant a CR 12.02 motion is *de novo*. *See Shaw*, 588 S.W.3d at 461.

**ANALYSIS**

The Appellants' claims and the Department of Corrections' CR 12.02

motion involved the following relevant sections of the current version of KRS

439.3401, which has been effective since July 15, 2024:[3]

> (1) As used in this section, "violent offender" means any
> person who has been convicted of or pled guilty to the:
>
> . . .
>
>> (b) Commission of:
>>
>>> 1. A felony involving the death
>>> of the victim or serious
>>> physical injury to a victim; [or]
>>>
>>> . . .
>>>
>>> 10. Robbery in the first degree
>>> as described in KRS 515.020;
>>
>> . . .
>
> (2) The court shall designate in its judgment if:
>
>> (a) The victim suffered death or serious
>> physical injury;
>
> . . .
>
> (4) A violent offender with a sentence of a term of years
> shall not be released on probation, shock probation,
> parole, conditional discharge, or other form of early

---

[3] KRS 439.3401 was recently amended again in 2026. *See* 2026 Ky. Acts ch. 68 § 27 (eff. Jul. 15, 2026). That amendment, however, did not affect any subsections of KRS 439.3401 on review in this appeal.

release until he or she has served at least eighty-five percent (85%) of the sentence imposed.

(5) A violent offender shall only be awarded credit on his or her sentence authorized by KRS 197.045(1)(a)1.

. . .

(9) The provisions of subsection (1) of this section extending the definition of "violent offender" to persons convicted of or pleading guilty to robbery in the first degree shall apply only to persons whose crime was committed after July 15, 2002.

Appellants' claims (*i.e.*, that KRS 439.3401 now instructs that a person who commits first-degree robbery is not a "violent offender") are rooted in KRS 439.3401(1)(b)1., which provides that the meaning of "violent offender" *includes* a person who commits "[a] felony involving the death of the victim or serious physical injury to a victim[.]" Appellants focused *exclusively* upon that singular meaning of "violent offender" provided in KRS 439.3401(1)(b)1. According to Appellants' understanding of KRS 439.3401(9), only a person who commits a first-degree robbery *that involves a victim who suffers death or serious physical injury* can qualify as a "violent offender." Therefore, because their respective judgments of conviction did not specifically indicate whether their victims "suffered death or serious physical injury" per KRS 439.3401(2)(a), Appellants argue their convictions could not have involved any such victims. Thus, Appellants believe they should now be considered *non*violent offenders.

-10-

To be clear, Appellants' claims stem from a collective misreading of KRS 439.3401. As the Department of Corrections properly noted in its CR 12.02 motion, KRS 439.3401 provides *several* definitions of "violent offender," and Appellants, in making their claims, ignored the definition most applicable to themselves. Pursuant to KRS 439.3401(1)(b)10., a "violent offender" is *also* a person who commits "[r]*obbery in the first degree as described in KRS 515.020*[.]" (Emphasis added.) Accordingly, there was no need for Appellants' respective judgments of conviction to specify whether the victims "suffered death or serious physical injury" because the General Assembly had designated persons who commit first-degree robbery as "violent offenders" *regardless*.

Furthermore, the language of KRS 439.3401(9) – which Appellants seized upon in support of their claims – only supports that Appellants were indeed violent offenders within the meaning of the statute. To review, KRS 439.3401(9) provides:

> The provisions of subsection (1) of this section extending the definition of "violent offender" to persons convicted of or pleading guilty to robbery in the first degree shall apply only to persons whose crime was committed after July 15, 2002.

Relative to this provision, *prior* to July 15, 2002, first-degree robbery was not specifically designated in KRS 439.3401 as a violent offense. Instead, the version of the statute preceding that date provided:

> "[V]iolent offender" means any person who has been
> convicted of or pled guilty to the commission of a capital
> offense, Class A felony, or Class B felony involving the
> death of the victim or serious physical injury to a victim,
> or rape in the first degree or sodomy in the first degree of
> the victim. The court shall designate in its judgment if
> the victim suffered death or serious physical injury.

*See* KRS 439.3401(1) (version effective from July 14, 2000, through July 14,

2002).

In other words, under that earlier version of the statute one could

theoretically have committed robbery and not have been designated a "violent

offender" if the victim did not suffer death or serious physical injury. *Since* July

15, 2002, however, every subsequent version of KRS 439.3401 – including the

versions in effect when each of the appellants committed their crimes – has

specifically designated persons who commit robbery in the first degree as "violent

offenders" *regardless* of whether the victim suffers death or serious physical

injury. The version of KRS 439.3401(1) which was effective July 15, 2002

through July 11, 2006 provided:

> As used in this section, "violent offender" means any
> person who has been convicted of or pled guilty to the
> commission of a capital offense, Class A felony, or Class
> B felony *involving the death of the victim or serious
> physical injury to a victim*, or rape in the first degree or
> sodomy in the first degree of the victim, burglary in the
> first degree accompanied by the commission or attempted
> commission of a felony sexual offense in KRS Chapter
> 510, burglary in the first degree accompanied by the
> commission or attempted commission of an assault

described in KRS 508.010, 508.020, 508.032, or 508.060, burglary in the first degree accompanied by commission or attempted commission of kidnapping as prohibited by KRS 509.040, *or robbery in the first degree*. The court shall designate in its judgment if the victim suffered death or serious physical injury.

(Emphasis added.)

Thus, KRS 439.3401(9) did not have any "retroactive" effect, much less the "retroactive" effect Appellants have projected upon it. Rather, the sole function and plain language of KRS 439.3401(9) simply clarifies that as of July 15, 2002, the law of Kentucky has considered persons who have committed first-degree robbery to be "violent offenders" irrespective of whether the victim suffered death or serious physical injury.

This, in turn, dooms Appellants' claims that they are not "violent offenders." Each Appellant committed first-degree robbery *after* July 15, 2002. Therefore, all Appellants *are* "violent offenders" within the meaning of KRS 439.3401. None of them, even assuming the truth of the factual allegations in their complaints, could have been entitled to the relief they requested, which was premised upon their assertions that they are *not* "violent offenders." Thus, the circuit court committed no error in granting the Department of Corrections' CR 12.02(f) motion to dismiss Appellants' claims.

Appellants additionally argue the circuit court abused its discretion or otherwise erred by failing to grant various motions they filed below, *i.e.*, motions

for default judgment, summary judgment, and to strike the Department of Corrections' pleadings.  In each of those motions, appellants argued – or sought relief stemming from the same arguments – that under the current version of KRS 439.3401 they are no longer considered to be "violent offenders."  In light of our disposition, these additional arguments lack merit and are otherwise moot.

**CONCLUSION**

In light of the foregoing, we AFFIRM the February 12, 2025 order of the Franklin Circuit Court which collectively dismissed the consolidated declaratory actions filed by Appellants pursuant to CR 12.02(f).

ALL CONCUR.

BRIEF FOR APPELLANT CAMERON
OSBORNE:

Cameron Osborne, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLANT EDWARD HALE,
JR.:

Edward Hale, Jr., *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLANT ROBERT D.
SMITH:

Robert D. Smith, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLANT THOMAS
DAVIDSON:

Thomas Davidson, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLANT KEVIN BOYD:

Kevin Boyd, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLANT CARLOS
BROOKS:

Carlos Brooks, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLANT AARON
JACKSON:

Aaron Jackson, *pro se*
LaGrange, Kentucky

BRIEFS FOR APPELLEES:

Crystal L. Thompson
Frankfort, Kentucky